# EXHIBIT B

5/1/2020 1:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42690688
By: Courtni Gilbert
Filed: 5/1/2020 1:41 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | |
| **Defendants.** | § | _____  **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND
## <u>REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESSE FLORES ("Plaintiff"), complaining of GILDARDO CHAVARIN, hereinafter referred to as Chavarin, and SILVERLINE TRANSPORTATION, LLC hereinafter referred to as Silverline ("Defendants"), and would respectfully show the Court the following:

### I.
### <u>DISCOVERY LEVEL</u>

1. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4.

### II.
### <u>REQUEST FOR DISCLOSURE</u>

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law office within 50 days of service of this request.

1

## III.
## PARTIES

3.        Plaintiff is a resident of the State of Texas.

4.        Defendant, GILDARDO CHAVARIN is an out of state resident. He may be served

with process at 2820 N 50th Ln, Phoenix AZ or 2960 ARABIAN DR # 2960, LAKE HAVASU

CITY, AZ 86404-2657 (MOHAVE COUNTY) or wherever he may be found.

5.        SILVERLINE TRANSPORTATION , LLC is a limited partnership doing business in

the State of Texas and may be served by serving its agent for service, Corporation Service

Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620,

Austin, TX 78701-3218..

## IV.
## JURISDICTION & VENUE

6.        This Court has jurisdiction over Defendants because Defendants have in the past and

continues to do business in Texas, has continuing contacts with the State, and is amenable to

service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional

limits of the Court.

7.        Venue is proper in Harris County, Texas.

## V.
## FACTS

8.        On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris

County, Texas, Defendant crashed into Plaintiff from behind.   As a result of the crash, Plaintiff

suffered bodily injury and would seek medical treatment.   At all times relevant, Defendant

Chavarin was in the course and scope of his employment for Defendant SILVERLINE.

## VI.
## NEGLIGENCE OF DEFENDANT GILDARDO CHAVARIN

9.     Defendant had a duty to exercise ordinary care and operate his motor vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Defendant breached his duty in one or more of the following ways:

       a.     Failing to maintain a proper lookout;

       b.     Failing to timely apply the brakes;

       c.     Failing to turn the vehicle to avoid the collision;

       d.     Failing to maintain a safe distance from Plaintiff's vehicle; and

       e.     Failing to control the speed of his vehicle.

## VII.
## NEGLIGENCE *PER SE*

10.     Defendant's negligence violated sections of the Texas Transportation Code ("TTC"). Specifically, Defendant violated:

      TTC §545.062          Duty of a driver traveling directly behind another vehicle to maintain a safe distance as not to collide with the vehicle directly in front of them.

11.     The above provision of the TTC are designed to protect a class of persons to which Plaintiff belonged. Violations of the above TTC sections impose tort liability. Defendant's violations of the above TTC section were done without legal excuse. Defendant's breach of various duties imposed on him by the above TTC section proximately caused Plaintiff's injuries, resulting in the damages itemized below.

## VIII.
## <u>RESPONDEAT SUPERIOR</u>

12.     Defendant SILVERLINE is liable for the torts committed by its employees during the course and scope of their employment. Defendant SILVERLINE's employees while acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Defendant SILVERLINE's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant SILVERLINE is liable for injuries sustained by Plaintiff.

## IX.
## <u>DAMAGES OF PLAINTIFF</u>

13.     Because of all of the above and foregoing, your Plaintiff has been damaged, and will be damaged in an amount in excess of the minimal jurisdictional limits of this Court for which sum Plaintiff now brings suit.

Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

a.     The amount of reasonable medical expense Plaintiff has incurred in the past, and those that they will reasonably incur in the future;

b.     The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

c.     The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

d.     The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

e.     The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

4

f.   The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

g.   The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

h.   The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

i.   Any lost wages.

## X.
## EXEMPLARY DAMAGES

14.   Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of such dangers.

## XI.
## CONDITIONS PRECEDENT

15.   All conditions precedent have been performed or have occurred as required by Texas Rules of Civil Procedure 54.

## XII.
## PRESERVATION OF EVIDENCE

16.   Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any

vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to GILDARDO CHAVARIN, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XIII.
## RULE 193.7

17.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XIV.
## PRAYER

18.     For the above reasons, Plaintiff prays he obtains judgment against Defendants, both jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of court and for such other relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES, P.C.**

By: /S/Thomas N. Thurlow

6

Thomas N. Thurlow
Texas Bar No.: 20003000
4900 Woodway Drive, Suite 1040
Houston, Tx   77056
Tel: (713) 224-6774
Fax: (713) 237-1408
Email:   lcastillo@thurlowlaw.com
ATTORNEYS FOR PLAINTIFF

6/18/2020 10:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43847113
By: Lewis John-Miller
Filed: 6/18/2020 10:37 AM

## CAUSE NO.   2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | |
| **Defendants.** | § | **11ᵗʰ     JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND
### REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESSE FLORES ("Plaintiff"), complaining of GILDARDO CHAVARIN, hereinafter referred to as Chavarin, and SILVERLINE TRANSPORTATION, INC. incorrectly named SILVERLINE TRANSPORTATION, LLC hereinafter referred to as Silverline ("Defendants"), and would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4.

### II.
### REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law office within 50 days of service of this request.

1

### III.
### PARTIES

3.          Plaintiff is a resident of the State of Texas.

4.          Defendant, GILDARDO CHAVARIN is an out of state resident. NO SERVICE IS NECESSARY AT THIS TIME.

5.          SILVERLINE TRANSPORTATION, INC. is a corporation doing business in the State of Texas.   NO SERVICE IS NECESSARY AT THIS TIME.

### IV.
### JURISDICTION & VENUE

6.          This Court has jurisdiction over Defendants because Defendants have in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

7.          Venue is proper in Harris County, Texas.

### V.
### FACTS

8.          On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris County, Texas, Defendant Chavarin crashed into Plaintiff from behind.   As a result of the crash, Plaintiff suffered bodily injury and would seek medical treatment.   At all times relevant, Defendant Chavarin was in the course and scope of his employment for Defendant SILVERLINE.

### VI.
### NEGLIGENCE OF DEFENDANT GILDARDO CHAVARIN

9.          Defendant had a duty to exercise ordinary care and operate his motor vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Defendant breached his

2

duty in one or more of the following ways:

      a.      Failing to maintain a proper lookout;

      b.      Failing to timely apply the brakes;

      c.      Failing to turn the vehicle to avoid the collision;

      d.      Failing to maintain a safe distance from Plaintiff's vehicle; and

      e.      Failing to control the speed of his vehicle.

## VII.
## NEGLIGENCE *PER SE*

10.    Defendant's negligence violated sections of the Texas Transportation Code ("TTC"). Specifically, Defendant violated:

      TTC §545.062      Duty of a driver traveling directly behind another vehicle to maintain a safe distance as not to collide with the vehicle directly in front of them.

11.    The above provision of the TTC are designed to protect a class of persons to which Plaintiff belonged. Violations of the above TTC sections impose tort liability. Defendant's violations of the above TTC section were done without legal excuse. Defendant's breach of various duties imposed on him by the above TTC section proximately caused Plaintiff's injuries, resulting in the damages itemized below.

## VIII.
## RESPONDEAT SUPERIOR

12.    Defendant SILVERLINE is liable for the torts committed by its employees during the course and scope of their employment. Defendant SILVERLINE's employees while acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Defendant SILVERLINE's

employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant SILVERLINE is liable for injuries sustained by Plaintiff.

## IX.
## DAMAGES OF PLAINTIFF

13.     Plaintiff individually seeks monetary relief in the amount of $72,500.00 and demands a judgment for all other relief to which Plaintiff may show himself to be entitled. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

a.     The amount of reasonable medical expense Plaintiff has incurred in the past, and those that they will reasonably incur in the future;

b.     The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

c.     The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

d.     The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

e.     The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

f.     The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

g.     The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

h.     The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

i.     Any lost wages.

## X.
## CONDITIONS PRECEDENT

14.     All conditions precedent have been performed or have occurred as required by Texas Rules

4

of Civil Procedure 54.

## XI.
## PRESERVATION OF EVIDENCE

15.     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to GILDARDO CHAVARIN, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XII.
## RULE 193.7

16.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XIV.
## PRAYER

17.     For the above reasons, Plaintiff prays he obtains judgment against Defendants, both jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of court and for such other relief, both in law and equity, to which Plaintiff may show himself justly

entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES, P.C.**

By: /s/Thomas N. Thurlow
Thomas N. Thurlow
Texas Bar No.: 20003000
4900 Woodway Drive, Suite 1040
Houston, Tx   77056
Tel: (713) 224-6774
Fax: (713) 237-1408
Email:   lcastillo@thurlowlaw.com
ATTORNEYS FOR PLAINTIFF

6/18/2020 10:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43847656
By: Lewis John-Miller
Filed: 6/18/2020 10:46 AM

CAUSE NO. <u>2020-27209</u>

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | |
| **Defendants.** | § | <u>**11TH**</u> **JUDICIAL DISTRICT** |

### PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS ON <u>GILDARDO CHAVARIN</u>

TO THE HONORABLE JUDGE:

Plaintiff, **JESSE FLORES**, files his Motion for Substitute Service of Process on Gildardo Chavarin. Plaintiff asks the court to authorize substitute service on Defendant, Gildardo Chavarin. Plaintiff would show this honorable court:

## I.
### <u>FACTS</u>

1.      On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris County, Texas, Defendant crashed into Plaintiff from behind.  As a result of the crash, Plaintiff suffered bodily injury and would seek medical treatment.   At all times relevant, Defendant Chavarin was in the course and scope of his employment for Defendant SILVERLINE

### <u>**PLAINTIFF'S ATTEMPTS TO SERVE DEFENDANT & REQUEST OF COURT**</u>

2.      Defendant's usual place of abode is located at 2820 N. 50th Lane, Phoenix, Maricopa County, AZ 85035.

3.      Plaintiff has hired a private process server to serve Defendant. Plaintiff  has attempted to serve Defendant on five occasions to above address  by personal delivery, but has not been

successful. Plaintiff has also attached an Affidavit by Marcella Mendez, an Arizona Process Server.

4.    Plaintiff asks the court to authorize Plaintiff to serve Defendant by leaving a true copy of the citation with someone over the age of sixteen years at 2820 N. 50th Lane, Phoenix, Maricopa County, AZ. 85035.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that, on consideration of this Motion, the Court allows for Plaintiff to serve her petition upon Defendant by substitute process.

Respectfully submitted,

**THURLOW & ASSOCIATES, P.C.**

By: /s/Thomas N. Thurlow
      THOMAS N. THURLOW
      Texas Bar No.: 20003000
Woodway Tower
4900 Woodway Drive, Suite 1040
Houston, Texas 77056
Tel: (713) 224-6774
Fax: (713) 237-1408
lcastillo@thurlowlaw.com
ATTORNEY FOR PLAINTIFF

6/18/2020 10:46:26 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 43847656
By: JOHN-MILLER, LEWIS
Filed: 6/18/2020 10:46:26 AM

## Affidavit in Support of Motion for Substitute Service

State of Texas                    County of Harris                    11th Judicial District Court

Case Number: 202027209

Plaintiff:
**Jesse Flores**

vs.

Defendant:
**Gildardo Chavarin and Silverline Transportation, LLC**

For:
Thomas N. Thurlow & Associates, PC
4900 Woodway Drive
Ste. 1040
Houston, TX 77056

Received by ATX Process, LLC on the 7th day of May, 2020 at 9:59 am to be served on **Gildardo Chavarin, 2820 N 50th Ln., Phoenix, Maricopa County, AZ 85035**.

I, Marcella Mendez, being duly sworn, depose and say that I:

deemed it impractical to personally deliver the **Citation, Plaintiff's Original Petition and Request for Disclosure, Plaintiff's Interrogatories to Defendant, Plaintiff's Request for Admission to Defendant, and Plaintiff's Request for Production to Defendant** to the named defendant **Gildardo Chavarin** in the above numbered and styled cause. I have attempted to make personal delivery to the defendant at his/her **Abode** being **2820 N 50th Ln., Phoenix, Maricopa County, AZ 85035** which was established personally in my efforts. This location is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.

The address for service **2820 N 50th Ln., Phoenix, Maricopa County, AZ 85035** is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found. The specifics of my efforts are reflected below.

**Additional Information pertaining to this Service:**
5/10/20 at 12:48pm, No answer at the door, personal items present, security camera's outside. No vehicles.
5/13/20 at 6:49am, No answer at the door. 1 vehicle present (AZ License Plate No. CER3970).
5/16/20 at 8:03pm, No answer at the door, dark and quiet inside home. No vehicles present.
5/19/20 at 6:34pm, No answer at the door. No vehicles present.
5/22/20 at 4:26pm, Spoke to Angelica Sandoval, Resident, who stated Gildardo is in Mexico. Angelica called Gildardo, I spoke to him on the telephone. He stated he is not sure when he will return. I provided contact information to him.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 29th
day of May, 2020 by the affiant who is personally
known to me.

NOTARY PUBLIC

PATRICIA ANN MATHERS
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 556968
Expires January 5, 2023

Marcella Mendez
8752

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: ATX-2020004762

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

6/19/2020 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43903385
By: Kevin Childs
Filed: 6/19/2020 4:25 PM

## CAUSE NO. 2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | **11TH JUDICIAL DISTRICT** |

### <u>DEFENDANT SILVERLINE TRANSPORTATION, INC.'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW**, Silverline Transportation, Inc.** *incorrectly named Silverline Transportation, LLC*, Defendant, in the above entitled and numbered cause, and makes this answer in response to Plaintiff's Original Petition and in support thereof would respectfully show the Court the following:

### I.

Defendant asserts a general denial to all of the Plaintiff's claims and causes of action as authorized by Tex. R. Civ. P. 92.

### II.

For further answer, Defendant says that the transaction in question and any damages sustained by Plaintiff was the proximate result of Plaintiff's failure to exercise ordinary care and such failure constitutes negligence of at least fifty-one (51%) percent.  Under the provisions of the Texas Civil Practice of Remedies and Code § 33.001 <u>et seq</u>, Plaintiff is totally barred from recovery, or in the alternative, Plaintiff's recovery, if any, should be diminished in proportion to the percentage of negligence attributable to Plaintiff.

**III.**

Defendant further pleads that Plaintiff has contributed to his own damages by failure to mitigate his damages, if any.  Such failure to mitigate damages is a proximate cause of whatever damages Plaintiff has suffered, in any.

**IV.**

In the alternative, without waiver of the foregoing, Defendant pleads and requests an instruction that Plaintiff's damages, if any, did not result solely or in any part from any act or omission of this Defendant, rather were the result in whole or in part, of pre-existing illnesses, injuries, conditions or diseases or from subsequent illnesses, injuries, conditions or diseases for which this Defendant cannot be held responsible.

**V.**

Defendant further pleads that Plaintiff's claims for lost wages, medical expenses and economic damages are subject to limitations, reductions, and offsets including the recovery of medical or healthcare expenses which are limited to the amount actually paid or incurred. TEX.CIV.PRAC.&REM.CODE §§ 18.091 and 41.015.

**VI.**

**JURY DEMAND**

This Defendant demands a trial by jury pursuant to TEX.R.CIV.P.216.

**VII.**

**RULE 194 REQUESTS FOR DISCLOSURES**

Defendant hereby requests Plaintiff disclose information or material pursuant to Texas Rules of Civil Procedure Rule 194 (a) – (f) within the time period prescribed therein.

WHEREFORE, PREMISES CONSIDERED, Defendant, **Silverline Transportation, Inc.** *incorrectly named Silverline Transportation, LLC*, prays that Plaintiff take nothing by reason of this suit and that Defendant has such other and further relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

LAW OFFICES OF GABRIEL S. HENDRICKSON

Howard D. Hill
State Bar No. 24007365
2777 Allen Parkway, Suite 370
Houston, Texas 77019
Tel: 713-831-4800
Fax: 830-542-5616
Email: Howard.Hill@aig.com
**ATTORNEY FOR DEFENDANT**
**Silverline Transportation, Inc.** *incorrectly*
*named Silverline Transportation, LLC*,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded on this the 19th day of June, 2020 by:

Thomas N. Thurlow
THOMAS N. THURLOW & ASSOCIATES PC
4900 Woodway Dr., Suite 1040
Houston, Texas 77056

☐ Facsimile: 713-237-1408
☒ Efile/Electronic Filing:
   lcastillo@thurlowlaw.com
☐ Hand Delivery
☐ Regular Mail
☐ Email
☐ Certified Mail, Return Receipt Requested

Howard D. Hill

9/24/2020 12:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46538086
By: Lewis John-Miller
Filed: 9/24/2020 12:58 PM

### CAUSE NO.  2020-27209

| | |
|---|---|
| **JESSE FLORES** | ' **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | ' |
| | ' |
| | ' |
| **vs.** | ' **HARRIS COUNTY, TEXAS** |
| | ' |
| **GILDARDO CHAVARIN AND** | ' |
| **SILVERLINE TRANSPORTATION, LLC** | § |
| **Defendants.** | ' **11TH JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED MOTION FOR SUBSTITUTE SERVICE OF PROCESS ON GILDARDO CHAVARIN

TO THE HONORABLE JUDGE:

Plaintiff, **JESSE FLORES**, files his Motion for Substitute Service of Process on Gildardo Chavarin. Plaintiff asks the court to authorize substitute service on Defendant, Gildardo Chavarin. Plaintiff would show this honorable court:

### I.
### FACTS

1.      On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris County, Texas, Defendant crashed into Plaintiff from behind.  As a result of the crash, Plaintiff suffered bodily injury and would seek medical treatment.   At all times relevant, Defendant Chavarin was in the course and scope of his employment for Defendant SILVERLINE

**PLAINTIFF'S ATTEMPTS TO SERVE DEFENDANT & REQUEST OF COURT**

2.      Defendant's usual place of abode is located at 2820 N. 50th Lane, Phoenix, Maricopa County, AZ 85035.

3.      Plaintiff has hired a private process server to serve Defendant. Plaintiff has attempted to serve Defendant on nine occasions to above address by personal delivery, but has not been

successful.  Plaintiff has also attached an Affidavit by Marcella Mendez, an Arizona Process Server.

4.    Plaintiff asks the court to authorize Plaintiff to serve Defendant by leaving a true copy of the citation with someone over the age of sixteen years at 2820 N. 50th Lane, Phoenix, Maricopa County, AZ. 85035.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that, on consideration of this Motion, the Court allows for Plaintiff to serve her petition upon Defendant by substitute process.

Respectfully submitted,

**THURLOW & ASSOCIATES, P.C.**

By: /s/Thomas N. Thurlow
    THOMAS N. THURLOW
    Texas Bar No.: 20003000
Woodway Tower
4900 Woodway Drive, Suite 1040
Houston, Texas 77056
Tel: (713) 224-6774
Fax: (713) 237-1408
lcastillo@thurlowlaw.com
ATTORNEY FOR PLAINTIFF

6/23/2021 3:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54716653
By: Anais Aguirre
Filed: 6/23/2021 3:56 PM

## CAUSE NO.   2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | |
| **Defendants.** | § | 11ᵗʰ      **JUDICIAL DISTRICT** |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESSE FLORES ("Plaintiff"), complaining of GILDARDO CHAVARIN, hereinafter referred to as Chavarin, and SILVERLINE TRANSPORTATION, INC. incorrectly named SILVERLINE TRANSPORTATION, LLC hereinafter referred to as Silverline ("Defendants"), and would respectfully show the Court the following:

## I.
## DISCOVERY LEVEL

1.       Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4.

## II.
## PARTIES

2.       Plaintiff is a resident of the State of Texas.

3.       Defendant, GILDARDO CHAVARIN is an out of state resident. NO SERVICE IS NECESSARY AT THIS TIME.

4.       SILVERLINE TRANSPORTATION, INC. is a corporation doing business in the State of Texas.   NO SERVICE IS NECESSARY AT THIS TIME.

1

### III.
### JURISDICTION & VENUE

5.　　　This Court has jurisdiction over Defendants because Defendants have in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

6.　　　Venue is proper in Harris County, Texas.

### IV.
### FACTS

7.　　　On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris County, Texas, Defendant Chavarin crashed into Plaintiff from behind.　As a result of the crash, Plaintiff suffered bodily injury and would seek medical treatment.　At all times relevant, Defendant Chavarin was in the course and scope of his employment for Defendant SILVERLINE.

### V.
### NEGLIGENCE OF DEFENDANT GILDARDO CHAVARIN

8.　　　Defendant had a duty to exercise ordinary care and operate his motor vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Defendant breached his duty in one or more of the following ways:

      a.　　　Failing to maintain a proper lookout;

      b.　　　Failing to timely apply the brakes;

      c.　　　Failing to turn the vehicle to avoid the collision;

      d.　　　Failing to maintain a safe distance from Plaintiff's vehicle; and

      e.　　　Failing to control the speed of his vehicle.

2

## VI.
## NEGLIGENCE *PER SE*

9.     Defendant's negligence violated sections of the Texas Transportation Code ("TTC"). Specifically, Defendant violated:

>    TTC §545.062          Duty of a driver traveling directly behind another vehicle to maintain a safe distance as not to collide with the vehicle directly in front of them.

10.    The above provision of the TTC are designed to protect a class of persons to which Plaintiff belonged. Violations of the above TTC sections impose tort liability. Defendant's violations of the above TTC section were done without legal excuse. Defendant's breach of various duties imposed on him by the above TTC section proximately caused Plaintiff's injuries, resulting in the damages itemized below.

## VII.
## RESPONDEAT SUPERIOR

11.    Defendant SILVERLINE is liable for the torts committed by its employees during the course and scope of their employment. Defendant SILVERLINE's employees while acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Defendant SILVERLINE's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant SILVERLINE is liable for injuries sustained by Plaintiff.

## VIII.
## DAMAGES OF PLAINTIFF

12.    As a result of his injuries and their consequences, and as a result of the damages flowing in law therefrom, your Plaintiff pleads for actual damages.  Further, additional damages have

3

accrued due to the passage of time.   Therefore, Plaintiff individually seeks monetary relief in the amount of $125,000.00 and demands a judgment for all other relief to which Plaintiff may show himself to be entitled. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

a. The amount of reasonable medical expense Plaintiff has incurred in the past, and those that they will reasonably incur in the future;

b. The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

c. The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

d. The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

e. The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

f. The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

g. The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

h. The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

i. Any lost wages.

## IX.
## PRESERVATION OF EVIDENCE

13.   Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any

4

vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to GILDARDO CHAVARIN, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

**X.**
**RULE 193.7**

14.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

**XI.**
**PRAYER**

15.     For the above reasons, Plaintiff prays he obtains judgment against Defendants, both jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of court and for such other relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES, P.C.**

By: /s/Thomas N. Thurlow
Thomas N. Thurlow

5

Texas Bar No.: 20003000
4900 Woodway Drive, Suite 1040
Houston, Tx   77056
Tel: (713) 224-6774
Fax: (713) 237-1408
Email:   lcastillo@thurlowlaw.com
ATTORNEYS FOR PLAINTIFF

6

7/8/2021 4:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55173235
By: Lewis John-Miller
Filed: 7/8/2021 4:16 PM

## CAUSE NO. 2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | **11TH JUDICIAL DISTRICT** |

### DEFENDANT GILDARDO CHAVARIN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Gildardo Chavarin,** Defendant, in the above entitled and numbered cause, and makes this answer in response to Plaintiff's Second Amended Original Petition and in support thereof would respectfully show the Court the following:

### I.

Defendant asserts a general denial to all of the Plaintiff's claims and causes of action as authorized by Tex. R. Civ. P. 92.

### II.

For further answer, Defendant says that the transaction in question and any damages sustained by Plaintiff was the proximate result of Plaintiff's failure to exercise ordinary care and such failure constitutes negligence of at least fifty-one (51%) percent. Under the provisions of the Texas Civil Practice and Remedies Code § 33.001 et seq, Plaintiff is totally barred from recovery, or in the alternative, Plaintiff's recovery, if any, should be diminished in proportion to the percentage of negligence attributable to Plaintiff.

### III.

Defendant further pleads that Plaintiff has contributed to his own damages by failure to mitigate his damages, if any. Such failure to mitigate damages is a proximate cause of whatever damages Plaintiff has suffered, if any.

**IV.**

In the alternative, without waiver of the foregoing, Defendant pleads and requests an instruction that Plaintiff's damages, if any, did not result solely or in any part from any act or omission of this Defendant, rather were the result in whole or in part, of pre-existing illnesses, injuries, conditions or diseases or from subsequent illnesses, injuries, conditions or diseases for which this Defendant cannot be held responsible.

**V.**

Defendant further pleads that Plaintiff's claims for lost wages, medical expenses and economic damages are subject to limitations, reductions, and offsets including the recovery of medical or healthcare expenses which are limited to the amount actually paid or incurred. TEX.CIV.PRAC.&REM.CODE §§ 18.091 and 41.015.

**VI.**

**JURY DEMAND**

This Defendant demands a trial by jury pursuant to TEX.R.CIV.P.216.

**VII.**

**RULE 194 REQUESTS FOR DISCLOSURES**

Defendant hereby requests Plaintiff disclose information or material pursuant to Texas Rules of Civil Procedure Rule 194 (a) – (f) within the time period prescribed therein.

WHEREFORE, PREMISES CONSIDERED, Defendant, **Gildardo Chavarin,** prays that Plaintiff take nothing by reason of this suit and that Defendant has such other and further relief, at law and in equity, to which he is justly entitled.

Respectfully submitted,

LAW OFFICES OF GABRIEL S. HENDRICKSON

Howard D. Hill
State Bar No: 24007365
2777 Allen Parkway, Suite 370
Houston, Texas 77019
Tel: 713-831-4800
Fax: 830-542-5616
Email: Howard.Hill@aig.com
**ATTORNEY FOR DEFENDANT
GILDARDO CHAVARIN**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded on this the 8th day of July, 2021 by:

Thomas N. Thurlow                    ☐ Facsimile: 713-237-1408
THOMAS N. THURLOW & ASSOCIATES PC    ☒ Efile/Electronic Filing:
4900 Woodway Dr., Suite 1040             lcastillo@thurlowlaw.com
Houston, Texas 77056                 ☐ Hand Delivery
                                     ☐ Regular Mail
                                     ☐ Email
                                     ☐ Certified Mail, Return Receipt Requested

Howard D. Hill

7/9/2021 3:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55209317
By: Lewis John-Miller
Filed: 7/9/2021 3:09 PM

## CAUSE NO.   2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | |
| **Defendants.** | § | **11ᵗʰ     JUDICIAL DISTRICT** |

### PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JESSE FLORES ("Plaintiff"), complaining of GILDARDO CHAVARIN, hereinafter referred to as Chavarin, and SILVERLINE TRANSPORTATION, INC. incorrectly named SILVERLINE TRANSPORTATION, LLC hereinafter referred to as Silverline ("Defendants"), and would respectfully show the Court the following:

## I.
## DISCOVERY LEVEL

1.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4.

## II.
## PARTIES

2.      Plaintiff is a resident of the State of Texas.

3.      Defendant, GILDARDO CHAVARIN is an out of state resident. **SERVICE IS NOT NECESSARY AT THIS TIME.**

4.      SILVERLINE TRANSPORTATION, INC. is a corporation doing business in the State of Texas.   **SERVICE IS NOT NECESSARY AT THIS TIME**.

1

## III.
## JURISDICTION & VENUE

5.      This Court has jurisdiction over Defendants because Defendants have in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

6.      Venue is proper in Harris County, Texas.

## IV.
## FACTS

7.      On January 16, 2020, in the 3400 block of I-10 East near the 600 block of Gregg, Harris County, Texas, Defendant Chavarin crashed into Plaintiff from behind.   As a result of the crash, Plaintiff suffered bodily injury and would seek medical treatment.   At all times relevant, Defendant Chavarin was in the course and scope of his employment for Defendant SILVERLINE.

## V.
## NEGLIGENCE OF DEFENDANT GILDARDO CHAVARIN

8.      Defendant had a duty to exercise ordinary care and operate his motor vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Defendant breached his duty in one or more of the following ways:

       a.      Failing to maintain a proper lookout;

       b.      Failing to timely apply the brakes;

       c.      Failing to turn the vehicle to avoid the collision;

       d.      Failing to maintain a safe distance from Plaintiff's vehicle; and

       e.      Failing to control the speed of his vehicle.

## VI.
## NEGLIGENCE *PER SE*

9.      Defendant's negligence violated sections of the Texas Transportation Code ("TTC").

Specifically, Defendant violated:

> TTC §545.062          Duty of a driver traveling directly behind another vehicle to
> maintain a safe distance as not to collide with the vehicle
> directly in front of them.

10.     The above provision of the TTC are designed to protect a class of persons to which Plaintiff

belonged. Violations of the above TTC sections impose tort liability. Defendant's violations of the

above TTC section were done without legal excuse. Defendant's breach of various duties imposed

on him by the above TTC section proximately caused Plaintiff's injuries, resulting in the damages

itemized below.

## VII.
## RESPONDEAT SUPERIOR

11.     Defendant SILVERLINE is liable for the torts committed by its employees during the

course and scope of their employment. Defendant SILVERLINE's employees while acting within

the course and scope of their employment (and in furtherance of Defendant's business), had a

general duty to exercise reasonable care in performing their work. Defendant SILVERLINE's

employees, however, failed to exercise the requisite standard of care under the circumstances. As a

result, Defendant SILVERLINE is liable for injuries sustained by Plaintiff.

## VIII.
## DAMAGES OF PLAINTIFF

12.     As a result of his injuries and their consequences, and as a result of the damages flowing in

law therefrom, your Plaintiff pleads for actual damages.   Further, additional damages have

accrued due to the passage of time.   Therefore, Plaintiff individually seeks monetary relief in the amount of $210,000.00 and demands a judgment for all other relief to which Plaintiff may show himself to be entitled. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

     a.    The amount of reasonable medical expense Plaintiff has incurred in the past, and those that they will reasonably incur in the future;

     b.    The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

     c.    The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

     d.    The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

     e.    The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

     f.    The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

     g.    The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

     h.    The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

     i.    Any lost wages.

**IX.**
**PRESERVATION OF EVIDENCE**

13.    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any

4

vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, data, or information related to GILDARDO CHAVARIN, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## X.
## RULE 193.7

14.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XI.
## JURY DEMAND

15.     Plaintiff demands a trial by jury pursuant to Tex.R.Civ.P.216.

## XII.
## PRAYER

16.     For the above reasons, Plaintiff prays he obtains judgment against Defendants, both jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of court and for such other relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES, P.C.**

5

By: /s/Thomas N. Thurlow
Thomas N. Thurlow
Texas Bar No.: 20003000
4900 Woodway Drive, Suite 1040
Houston, Tx    77056
Tel: (713) 224-6774
Fax: (713) 237-1408
Email:    lcastillo@thurlowlaw.com
ATTORNEYS FOR PLAINTIFF

CAUSE NO. 2020-27209

| | | |
|---|---|---|
| **JESSE FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GILDARDO CHAVARIN AND** | § | |
| **SILVERLINE TRANSPORTATION, LLC** | § | **11TH JUDICIAL DISTRICT** |

## NOTICE OF FILING OF NOTICE OF REMOVAL

     **PLEASE TAKE NOTICE** that **GILDARDO CHAVARIN** and **SILVERLINE TRANSPORTATION, LLC**, Defendants in this matter have, pursuant to federal law, filed with the Clerk of the U.S. District Court for the Southern District of Texas – Houston Division, a **NOTICE OF REMOVAL** – a copy of which is attached. A copy of this Notice is separately being served on Plaintiff's counsel of record as required by 28 U.S.C. §1446(d). This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by Order of the U.S. District Court.

     Respectfully submitted,

     LAW OFFICES OF GABRIEL S. HENDRICKSON

     Howard D. Hill
     State Bar No: 24007365
     2777 Allen Parkway, Suite 370
     Houston, Texas 77019
     Tel: 713-831-4800
     Fax: 830-542-5616
     Email: Howard.Hill@aig.com
     **ATTORNEY FOR DEFENDANT**
     **Silverline Transportation, Inc.**
     *incorrectly named Silverline*
     *Transportation, LLC,*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded on this the 13th day of July, 2021 by:

Thomas N. Thurlow
THOMAS N. THURLOW & ASSOCIATES PC
4900 Woodway Dr., Suite 1040
Houston, Texas 77056

☐ Facsimile: 713-237-1408
☒ Efile/Electronic Filing:
    lcastillo@thurlowlaw.com
☐ Hand Delivery
☐ Regular Mail
☐ Email
☐ Certified Mail, Return Receipt Requested

Howard D. Hill